UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Cynthia Smith,

      Plaintiff,

v.

Target,

      Defendant.

File No. 26-cv-1745 (ECT/LIB)

**OPINION AND ORDER**

---

This matter is before the Court on Plaintiff Cynthia Smith's Complaint for a Civil Case, ECF No. 1, and Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application"), ECF No. 4.  For the following reasons, the action will be dismissed and the IFP Application will be denied as moot.

I

Cynthia Smith resides in Katy, Texas.  Compl. at 1.  Her Complaint names "Target" (presumably meaning Target Corporation) as the sole defendant.  *Id.* at 1–2.  In the jurisdiction section of her complaint form, Ms. Smith asserts federal-question jurisdiction, citing "Article 1 Section 10: Right to Contract."  *Id.* at 3 (capitalization amended).[1]  In the diversity-of-citizenship section, Ms. Smith states that she is a citizen of Texas and that Target is incorporated in Minnesota with its principal place of business there.  *Id.* at 3–4.  Ms. Smith claims the amount in controversy exceeds $75,000, noting a "1,000,000.00

---

[1]    Capitalization in the documents is eccentric and will be liberally amended without further reference going forward.

violation of trust security agreement." *Id.* at 4.  More on the "trust security agreement" in a bit.

The Complaint alleges that Ms. Smith "sent a letter to the company Target letting them about a first obligation lien which they ignored and now is reporting on credit which is a violation to the trust unpaid lien sent to them because it delays first obligation pay off." *Id.* (errors in original).  Ms. Smith does not specify what credit account is reported, what information is reported, which credit-reporting agency received it, what part of the report is inaccurate or misleading, when the improper reporting occurred, or what steps she took (if any) to dispute it through a consumer-reporting agency ("CRA").

The Complaint attaches a two-page document titled "Notice of Lien," dated February 11, 2026.  ECF No. 2 at 1.  This document is addressed from "Cynthia Smith (Trustee)" of the "Cynthia Smith Revocable Living Trust" to "Lien Holder: Target."  *Id.* The notice refers to "Target - Credit" and declares that "no assets or money can be recouped until the lien of $1,000,000.00 is paid in full to The Cynthia Smith Revocable Living Trust."  *Id.*  The document further asserts that if Target fails to respond or continues reporting to credit bureaus, Target "now opt[s] in to paying" the $1,000,000 amount.  *Id.* at 1–2.

Ms. Smith's filing does not use traditional legal headings to separate causes of action.  Construing the Complaint liberally, I identify three claims.  First, as noted above, Ms. Smith invokes "Article 1 Section 10: Right to Contract," which I read as an attempted constitutional claim under the Contracts Clause.  Compl. at 3.  Second, Ms. Smith seeks damages under the "Fair Cred[i]t Act," which I construe as a claim under the Fair Credit

2

Reporting Act ("FCRA") based on Ms. Smith's statement that Target is "reporting on credit" after receiving her letter. *Id.* at 4; *see* 15 U.S.C. §§ 1681–1681x. Third, Ms. Smith seeks $1,000,000 for a "trust security agreement violation" and tries to enforce the "Notice of Lien" attached as Exhibit 1. Compl. at 4. I construe this as a state-law claim sounding in contract, lien enforcement, or related theories. *Id.*

For relief, Ms. Smith seeks $1,000,000 as a "trust security agreement violation pay out" and $1,000 per violation under the "Fair Cred[i]t Act." *Id.* She also seeks an order directing that her credit account be reported as "paid off and in good standing on credit report." *Id.*

## II

Rather than pay this action's filing fee, Smith submitted the IFP Application. That filing suggests that as a financial matter, Smith might well qualify for *in forma pauperis* ("IFP") status here. But under the federal statute governing IFP proceedings, "the court shall dismiss [an IFP proceeding] at any time if the court determines that . . . the action . . . is frivolous . . . or fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i)–(ii).

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see Martinez v. Turner*, 977 F.2d 421, 423 (8th Cir. 1992). This includes claims premised on "an indisputably meritless legal theory" or that assert "a legal interest which clearly does not exist." *Neitzke*, 490 U.S. at 327; *see Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) ("As we stated in *Neitzke,* a court may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, a

3

category encompassing allegations that are fanciful, fantastic, and delusional." (citation modified)).

When deciding whether a complaint states a claim, a court accepts the complaint's factual allegations as true and permits the plaintiff every reasonable inference. *See, e.g.*, *Varga v. U.S. Bank Nat'l Ass'n*, 764 F.3d 833, 836 (8th Cir. 2014) (citing *Loftness Specialized Farm Equip., Inc. v. Twiestmeyer*, 742 F.3d 845, 854 (8th Cir. 2014)). A complaint need not include exhaustive detail, but it must "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). It must also "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Plausibility is a "context-specific" inquiry guided by a court's "judicial experience and common sense." *Id.* at 679; *see Zink v. Lombardi*, 783 F.3d 1089, 1098 (8th Cir. 2015) (en banc) (per curiam). Courts read *pro se* complaints like Ms. Smith's generously, but even these pleadings must allege enough facts to support each claim. *See, e.g.*, *Sandknop v. Mo. Dep't of Corr.*, 932 F.3d 739, 741–42 (8th Cir. 2019) (citing *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)).

III

As a threshold matter, the Complaint names "Cynthia Smith" as plaintiff, but the attached exhibit identifies Smith as "Trustee" of a "Cynthia Smith Revocable Living Trust" and directs the $1,000,000 payment to that entity. Compl. at 1; ECF No. 2 at 1. The Complaint's requested relief, as noted above, also refers to a "trust security agreement" payout. Compl. 4. If Smith means to sue on the trust's behalf as its trustee, she cannot proceed *pro se* for the trust. The Eighth Circuit has held that a nonlawyer trustee cannot

4

represent a trust entity in federal court. *See, e.g.*, *Knoefler v. United Bank of Bismarck*, 20 F.3d 347, 348 (8th Cir. 1994). This point makes little practical difference here, as the entire Complaint will be dismissed before service occurs.

a

Under the Contracts Clause, "[n]o state shall . . . pass any . . . law impairing the obligation of contracts." U.S. Const. art. I, § 10, cl. 1. This text constrains only state governments. It prohibits state legislative and executive action that impairs existing contractual obligations; it does not create a private right of action[2] or regulate private parties' conduct. *Cf. Sveen v. Melin*, 584 U.S. 811, 818 (2018) ("The Contracts Clause restricts the power of States to disrupt contractual arrangements."). Target Corporation is a private corporation, not a state; no state law, ordinance, or executive action is at issue. Because the Contracts Clause applies only to state action, Ms. Smith's invocation of it does not state a cognizable claim. This defect is obvious and incurable, so it will be dismissed with prejudice as frivolous under 28 U.S.C. § 1915(e)(2)(B).

B

As noted above, Ms. Smith's reference to the "Fair Cred[i]t Act" and her assertion that Target is improperly "reporting on credit" may assert a claim under the FCRA. Compl. at 4. Target, as an entity that extends credit or reports account information to CRAs, could be a "furnisher of information" under the FCRA. *See* 12 C.F.R. § 1022.41(c) (defining

---

[2]     Indeed, courts are split on whether one can even bring a Contracts Clause claim through § 1983. *See, e.g.*, *Heights Apartments, LLC v. Walz*, 30 F.4th 720, 728 (8th Cir. 2022) (noting split in authority and assuming, without deciding, that § 1983 permits Contracts Clause claims).

"furnisher" as "an entity that furnishes information relating to consumers to one or more [CRAs] for inclusion in a consumer report").  For present purposes, I assume without deciding that Target is an FCRA "furnisher of information."  The FCRA imposes two relevant categories of duties on furnishers at 15 U.S.C. § 1681s-2(a) and (b).  Neither provides Ms. Smith a viable path forward.

Section 1681s-2(a) requires furnishers to "provide accurate information" to consumer reporting agencies.  But the statute expressly states that the private, civil-liability provisions of "sections 1681n and 1681o . . . do not apply" to any failure to comply with that subsection.  15 U.S.C. § 1681s-2(c)(1).  Enforcement of § 1681s-2(a) is instead assigned exclusively to federal and state agencies.  15 U.S.C. § 1681s-2(d).  In other words, there is no private right of action to enforce § 1681s-2(a).  *See, e.g.*, *Remis v. Trans Union LLC*, No. 22-cv-2306 (DWF/DJF), 2023 WL 2652478, at *4 n.4 (D. Minn. Mar. 27, 2023); *Yutesler v. Sears Roebuck & Co.*, 263 F. Supp. 2d 1209, 1211 (D. Minn. 2003).  So, to the extent Ms. Smith simply claims that Target reported inaccurate information about her, she has no cognizable claim.

Section 1681s-2(b) "requires furnishers to determine if their reports are 'incomplete or inaccurate."  *Sherman v. Sheffield Fin., LLC*, 627 F. Supp. 3d 1000, 1010 (D. Minn. 2022).  Unlike § 1681s-2(a), this provision does create a private right of action—but only after a specific sequence occurs.  First, a consumer must dispute the relevant information with a CRA.  Second, the CRA must notify the furnisher of the dispute.  Finally, the furnisher must fail to conduct a reasonable investigation, review all relevant information from the CRA, and report the results back to the CRA.  *See, e.g.*, 15 U.S.C. §§ 1681i,

6

1681s-2(b)(1); *Sherman*, 627 F. Supp. 3d at 1009 (discussing "indirect dispute" process). The Eighth Circuit has made clear that the relevant duties "are triggered by notice . . . from a CRA, not from the consumer." *Anderson v. EMC Mortg. Corp.*, 631 F.3d 905, 907 (8th Cir. 2011); *see Huie v. Trans Union LLC*, No. 25-cv-3885 (LMP/DJF), 2026 WL 281454, at *3 (D. Minn. Jan. 22, 2026).

Ms. Smith alleges that she "sent a letter to the company Target letting them about a first obligation lien which they ignored and now is reporting on credit." Compl. at 4. The Complaint does not allege that Ms. Smith disputed any credit-reporting information with a CRA, or that a CRA notified Target of such a dispute. By Ms. Smith's own account, she sent her dispute directly to the furnisher. Such direct communication does not trigger the investigative duties of 15 U.S.C. § 1681s-2(b), so Smith has failed to state a claim under § 1681s-2(b).

Under either FCRA prong, then, the Complaint fails to state a claim. Therefore, the FCRA claims will be dismissed—the claims under § 1681s-2(a) with prejudice, and its claims under § 1681s-2(b) without prejudice.

C

The basis for Smith's $1,000,000 demand is the "Notice of Lien" attached as Exhibit 1. Ms. Smith alleges that by ignoring this document and continuing to report data to credit bureaus, Target breached a "trust security agreement" and owes a unilateral penalty. *See* Compl. at 4. This is essentially a state-law contract claim.

And a frivolous one at that. Ms. Smith's theory—that an individual can unilaterally create a lien against a corporation and enforce it when the recipient ignores it—is a

7

hallmark of sovereign-citizen legal theories.  Courts have repeatedly found such theories frivolous.  *See, e.g.*, *United States v. Hart*, 701 F.2d 749, 750 (8th Cir. 1983); *In re Marcantel*, Civil No. 23-180-BAJ-EWD, 2023 WL 3190435, at *5 (M.D. La. Apr. 3, 2023).  To the extent the Complaint alleges Target failed to honor Ms. Smith's self-created lien, it will be dismissed with prejudice as frivolous under 28 U.S.C. § 1915(e)(2)(B).

*

Even liberally construed, the Complaint fails to state a plausible claim and is frivolous.  Therefore, the action will be dismissed and the IFP Application denied as moot.

## ORDER

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS ORDERED THAT**:

1.    Plaintiff Cynthia Smith's Complaint for a Civil Case [ECF No. 1] is **DISMISSED WITH PREJUDICE** as frivolous, under 28 U.S.C. § 1915(e)(2), to the extent it brings claims under the U.S. Constitution's Contracts Clause or based on the "Notice of Lien" filed by Ms. Smith at ECF No. 2.

2.    The Complaint is **DISMISSED WITH PREJUDICE** under 28 U.S.C. § 1915(e)(2) for failure to state a claim to the extent it brings claims under 15 U.S.C. § 1681s-2(a).

3.    The Complaint is **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. § 1915(e)(2) for failure to state a claim to the extent it brings claims under 15 U.S.C. § 1681s-2(b).

4.      The Application to Proceed in District Court Without Prepaying Fees or Costs [ECF No. 4] is **DENIED** as moot.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  April 16, 2026                     s/ Eric C. Tostrud
                                             Eric C. Tostrud
                                             United States District Court